UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DELMAR MOTLEY,<br><br>  Plaintiff,<br><br>vs.<br><br>SANTANDER CONSUMER,<br><br>  Defendant. | 2:-11-CV-00455-PMP-RJJ<br><br>**ORDER** |

On August 22, 2011, the Court conducted a hearing to consider arguments regarding Plaintiff's fully briefed Motions for Request for Court Order (Doc. #11), Motion for Default Judgment (Doc. #15), and Defendant's fully briefed Motions to Set Aside [13] Clerk's Entry of Default (Doc. #14) and Motion to Dismiss Plaintiff's Complaint (Doc. #17). On September 2, 2011, Defendant filed a Supplemental Reply in Support of Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #29). Having read and considered the foregoing, the Court finds that Defendant's Motions must be granted and Plaintiff's Motions must be denied.

First, there is no basis for entry of a default judgment against Defendant in this case. Moreover, there is no prejudice to Plaintiff by permitting Defendant to respond on the merits to Plaintiff's Complaint.

Additionally, the Court finds that Plaintiff's Motion for Request for Court Order (Doc. #11) to be devoid of any basis to order that nonparty Department of Motor Vehicles remove Defendant's name from the title to Plaintiff's automobile.

Finally, having now reviewed the Nevada Retail Installment Contract attached to Defendant's Supplemental Reply (Doc. #29) and having considered all arguments presented by the parties on the papers and at the hearing conducted August 22, 2011, the Court finds that Plaintiff fails to state a cause of action under Section 1692(g) of the FDCPA, nor does Plaintiff viably allege a violation of the FCRA against Defendant. Moreover, the Court finds the deficiencies in Plaintiff's Complaint cannot be cured by an amendment as to these particular causes of actions.

**IT IS THEREFORE ORDERED that** Plaintiff Delmar Motley's Motion for Request for Court Order (Doc. #11) and Plaintiff's Motion for Default Judgment (Doc. #15) is **DENIED**.

**IT IS FURTHER ORDERED that** Defendant Santander Consumer's Motion to Set Aside [13] Clerk's Entry of Default (Doc. #14) is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #17) is **GRANTED**, and Plaintiff Motley's Complaint (Doc. #1) is hereby **DISMISSED** with prejudice.

DATED:  September 7, 2011.

_____
PHILIP M. PRO
United States District Judge